IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA SIMMONS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRUMBULL INSURANCE COMPANY, ET AL. | : | NO. 11-6571 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **April 25, 2012**

      Laura Simmons filed the instant action against her automobile insurer, alleging breach of contract and statutory bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371.  Before the Court is the Motion to Dismiss brought by Defendants Trumbull Insurance Company ("Trumbull") and Hartford Financial Services Group, Inc. d/b/a/ The Hartford ("The Hartford") seeking dismissal of all claims asserted against The Hartford as well as dismissal of Simmons's statutory bad faith claim.  For the following reasons, the Motion is denied.

**I.       BACKGROUND**

      The Complaint alleges the following facts.  Trumbull, acting by and through The Hartford, issued an automobile insurance policy to Simmons for Simmons's 1999 Toyota Camry with an effective date of August 16, 2009 through February 16, 2010 (the "Policy").  (Compl. ¶ 7.)  On or about December 15, 2009, when the Policy was in full force and effect, the Camry's engine caught fire, resulting in substantial damage to the car and expenses for towing, storage and rental.  (Id. ¶ 8.)  Simmons promptly gave Defendants notice of the loss and complied with all of the terms and conditions of the Policy.  (Id. ¶ 9.)  Defendants have refused to pay any benefits to Simmons under the Policy for her covered loss.  (Id. ¶ 10.)  Defendants' employee, Shirley Charpentier, notified Simmons by letter dated January 12, 2010, that her claim had been denied because her loss was

caused by an electrical and/or mechanical failure, which was excluded from coverage by the Policy. (Compl. Ex. B.)

Simmons has asserted two claims against Defendants arising from their denial of coverage. Count I asserts a claim for breach of contract and Count II asserts a claim for statutory bad faith. Defendants have moved to dismiss both claims as against The Hartford, on the ground that The Hartford is not an insurance company and thus is not a proper defendant to this action. Defendants have also moved to dismiss Count II on the ground that Simmons's statutory bad faith claim fails to state a claim upon which relief may be granted.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III. DISCUSSION

#### A. The Hartford

Defendants argue that The Hartford should be dismissed as a defendant in this action because it was not Simmons's insurance company and, therefore, was not a party to her insurance contract and is not a proper defendant with respect to her statutory bad faith claim. Under Pennsylvania law, "'one cannot be liable for a breach of contract unless one is a party to that contract.'" Lockhart v. Federal Ins. Co., Civ A. No. 96–5330, 1998 WL 151019, at *3 (E.D. Pa. Mar. 30, 1998) (quoting Electron Energy Corp. v. Short, 597 A.2d 175, 177 (Pa. Super. Ct. 1991)). Similarly, Pennsylvania's insurance bad faith statute "42 Pa. Cons. Stat. Ann. § 8371, "allows a claim only for bad faith conduct 'toward the insured' by 'the insurer.'" Totty v. Chubb Corp., 455 F. Supp. 2d 376, 381 (W.D. Pa. 2006) (quoting Lockhart, 1998 WL 151019, at *4).

The Pennsylvania Superior Court has recognized that the determination of whether a corporation is an insurer for purposes of the bad faith statute is a factual question that requires an examination of "'the policy documents themselves, and . . . the actions of the company involved.'"

Nordi v. Keystone Health Plan West Inc., 989 A.2d 376, 383-84 (Pa. Super. Ct. 2010) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. Ct. 2004)). The Superior Court instructs us to "'look at two factors: (1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as an insurer.'" Id. at 384 (quoting Brown, 860 A.2d at 498). "This second factor is significantly more important than the first factor, because it focuses on the true actions of the parties rather than the vagaries of corporate structure and ownership." Id. at 384 (quoting Brown, 860 A.2d at 498-99). A company "'acts as an insurer when it issues policies, collects premiums and in exchange assumes certain risks and contractual obligations.'" Cozzone v. AXA Equitable Life Ins. Soc., Civ. A. No. 10-2388, 2011 WL 1375264, at *3 (M.D. Pa. Apr. 12, 2011) (quoting Brand v. AXA Equitable Life Ins. Co., Civ. A. No. 08-2859, 2008 WL 4279863, at *4 (E.D. Pa. Sept. 16, 2008)).

The Complaint does not specifically allege that The Hartford is Simmons's insurer, but alleges that Trumbull issued the Policy by and through The Hartford. (Compl. ¶ 7.) Simmons attached a copy of her Financial Responsibility Insurance Identification Card ("Insurance Card") to the Complaint. (Compl. Ex. A.) The Insurance Card identifies Trumbull as Simmons's insurer; it does not mention The Hartford. The Policy also identifies Trumbull as Simmons's insurer, but The Hartford's logo appears next to Trumbull's name on the Policy's Declarations page.[1] (Docket No.

---

[1]While we generally may not consider documents extraneous to the pleadings when ruling on a motion to dismiss, "[a] limited exception exists for documents that are '*integral to or explicitly relied* upon in the complaint.'" West Penn Allegheny Health System, Inc. V. UMPC, 627 F.3d 85, 97 n.6 (3d Cir. 2010) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)); see also Mayer, 605 F.3d at 230. Since the Policy is integral to Simmons's claims, we may consider the Policy in connection with this Motion.

However, we cannot consider the other documents that Defendants have attached to their Motion (The Hartford's Form 10-Q for the period ending June 30, 2011 and a list of insurance companies authorized to do business in the Commonwealth of Pennsylvania that Defendants printed

4-3 at 4.) The Policy also contains language that implies that The Hartford is Simmons's insurer. The third page of the Declarations section of the Policy, Form A-4800-0, contains the following language: "If you're ever in an accident . . . report it right away! Put the resources, reputation and resolve of The Hartford to work for you immediately." (Id. at 6.) Another page of the Policy, Form No. CAF-3030-0, contains the title "**Especially for You - RecoverCare Essential Services Coverage - Pennsylvania From The Hartford**." (Id. at 17.) That page contains short descriptions of services and benefits that, The Hartford provides and includes the following sentences:

> **The Hartford is dedicated to providing service that goes the extra mile for you, to help you live your life uninterrupted.**
>
> \* \* \*
>
> That's why your auto policy from The Hartford includes benefits and services specially designed to help you in your recovery and minimize the disruption.
>
> \* \* \*
>
> You can count on The Hartford to be there for you when you need us.

(Id. at 17.) The Policy also contains a "**NOTICE REGARDING USE OF CONSUMER REPORTS**" that thanks the insured for her "interest in The Hartford." (Id. at 20.) The Policy also contains one page that contains only The Hartford Logo and the following words: "**The Hartford Personal Auto Insurance Policy Pennsylvania**." (Id. at 22.) The Hartford's logo also appears on

---

from the Pennsylvania Department of State's web site on October 27, 2011. Defendants suggest that we convert their Motion to Dismiss to a motion for summary judgment so that we may consider these documents. When a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). At this time, no discovery has taken place, and Simmons has not had the opportunity to refute Defendants' evidence. Consequently, we decline to convert Defendants' Motion to Dismiss to a motion for summary judgment. Defendants may, of course, file a motion for summary judgment after all parties have had the opportunity to conduct discovery.

six additional pages of the Policy. (Id. at 8, 10, 14, 15, 17, 18.) In addition, Defendants' letter denying coverage under the Policy was written on paper containing The Hartford's logo. (Compl. Ex. B.)

Drawing all reasonable inferences in favor of the Plaintiff, Phillips, 515 F.3d at 233, we conclude that the allegations of the Complaint, together with the Exhibits to the Complaint and the Policy, plausibly assert that The Hartford was Simmons's insurer for purposes of her breach of contract and statutory bad faith claims. Defendants' Motion to Dismiss is, therefore, denied as to their request that we dismiss The Hartford as a Defendant to this action.

B.   Statutory Bad Faith

The Pennsylvania insurance bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. "'Bad Faith on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'" Atiyeh v. Nat'l Fire Ins. Co., 742 F. Supp. 2d 591, 598 n.14 (E.D. Pa. 2010) (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). "For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will;

6

mere negligence or bad judgment is not bad faith." Id. (quoting Terletsky, 649 A.2d at 688). In order to succeed on a claim of bad faith pursuant to § 8371, the plaintiff must "demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis." Id. at 598 (citing Toy v. Metro. Life Ins. Co., 928 A.2d 186, 193 (Pa. 2007). Moreover, "'[S]ection 8371 is not restricted to an insurer's bad faith in denying a claim. An action for bad faith may [also] extend to the insurer's investigative practices.'" Greene v. United Servs. Auto. Ass'n, 936 A.2d 1178, 1187 (Pa. Super. Ct. 2007) (alterations in original) (quoting Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)). Indeed, the term bad faith "encompasses a wide variety of objectionable conduct" including "'lack of good faith investigation into facts, and failure to communicate with the claimant[;]'" and "'arbitrarily refus[ing] to accept evidence of causation.'" Id. at 1188 (quoting Condio, 899 A.2d at 1142-43).

  Defendants argue that the Complaint provides no factual support for Simmons's contention that they acted in bad faith. The Complaint alleges the following facts. Defendants entered into a contract with Simmons to provide insurance coverage for her 1999 Toyota Camry. (Compl. ¶ 7.) An engine fire caused substantial damage to the Camry. (Id. ¶ 8.) Simmons submitted a timely claim for benefits under the Policy for the property damage to the Camry. (Id. ¶ 9.) Defendants denied the claim on the grounds that the loss was caused by a peril not covered under the Policy, specifically "mechanical or electrical breakdown or failure." (Id. ¶ 19(a), Ex. B at 2.) Defendants misrepresented the cause of the damage to Simmons's Camry, failed to reasonably investigate and evaluate her claim, unreasonably valued her loss, and asserted Policy defenses without a reasonable basis in fact. (Id. ¶ 19(b), (d), (e), (f), (i), (n).)

  Charpentier's letter denying Simmons's claim states that "your vehicle . . . had a short and

melted the negative battery cable but there was no other damages [sic] to any other components." (Id. Ex. B at 1.) The damage to the Camry described in Charpentier's letter, a melted negative cable, is substantially different from substantial fire damage alleged in the Complaint (id. ¶ 8), permitting the inference that Defendants failed to reasonably investigate and evaluate Simmons's claim, misrepresented the cause and extent of the damage to her Camry, and or asserted Policy defenses without a reasonable basis. We conclude, therefore, that the Complaint, together with its Exhibits, alleges facts that support a plausible claim that Defendants "1) lacked a reasonable basis for denying benefits and 2) knew or recklessly disregarded [their] lack of a reasonable basis." Atiyeh, 742 F. Supp. 2d at 598. We further conclude that the Complaint states a plausible claim for statutory bad faith pursuant to § 8371 against both Defendants. The Motion to Dismiss is therefore denied as to Count II.

**IV.  CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.